BRAUN v. WEBB.

(City Court of New York, General Term. July 11, 1900.)

CARRIERS—SLEEPING-CAR COMPANY—EJECTION OF PASSENGER.
    Plaintiff bought and paid for a sleeping-car ticket several hours before the train left. At the time of starting he was received as a guest on the train and assigned to his section, but was afterwards told by the conductor that he could not have the berth, because it was occupied by some one else, and plaintiff was compelled to sit all night in an ordinary day coach. On his application for redress, he was told he could have his money back. *Held*, that the evidence sustained a verdict for plaintiff.

On reargument. Affirmed.

For former opinion, see 62 N. Y. Supp. 1037.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

HASCALL, J. Reading the case from appellant's standpoint,—the position most favorable to him,—and even conceding that his reiteration of the facts is beyond criticism, the question still is, was the jury justified, by the evidence, in its verdict? The payment to the car company of the charges demanded by it for occupancy of the sleeping berth, hours before departure of the train, receiving appellant as a guest at the time of starting, assigning him his cot and section for the night, and making of his bed, were certainly acts of common and everyday occurrence. But then to have a conductor tell him, without prior or timely warning, "Well, you cannot have that berth, * * * because it is occupied by some one else;" to be compelled to sit up all night in an ordinary day coach, or secure such rest (?) as he might therein; to be told, upon his application for redress, "You can have back only your money,"—furnish, all together, cold comfort for a passenger treated, as the record shows, in manner as was this respondent. If the jury had been even liberal, in appellant's estimation, in naming a just compensation to respondent, we still think it, under all the evidence, just, and that it ought to be maintained.

Judgment and order appealed from affirmed, with costs.

SCHUCHMAN, J., concurs.